Slip Op. 21-112

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| HYUNDAI STEEL COMPANY, | |
| **Plaintiff,** | |
| v. | |
| UNITED STATES, | **Before: Jennifer Choe-Groves, Judge** |
| **Defendant,** | **Court No. 20-03799** |
| and | |
| NUCOR CORPORATION and UNITED STATES STEEL CORPORATION, | |
| **Defendant-Intervenors.** | |

## OPINION AND ORDER

[Granting Defendant's motion for voluntary remand and remanding the U.S. Department of Commerce's final results in the 2017 administrative review of the countervailing duty order on certain hot-rolled steel flat products from the Republic of Korea.]

Dated: August 27, 2021

Brady W. Mills, Donald B. Cameron, Julie C. Mendoza, R. Will Planert, and Mary S. Hodgins, Morris, Manning & Martin, LLP, of Washington, D.C., for Plaintiff Hyundai Steel Company.

Kelly A. Krystyniak, Trial Attorney, and Tara K. Hogan, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States. With them on the brief were

Brian M. Boynton, Acting Assistant Attorney General, and Jeanne E. Davidson, Director.  Of counsel on the brief was Hendricks Valenzuela, Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce.

Alan H. Price, Christopher B. Weld, and Theodore P. Brackemyre, Wiley Rein, LLP, of Washington, D.C., for Defendant-Intervenor Nucor Corporation.

Thomas M. Beline, Cassidy Levy Kent (USA) LLP, of Washington, D.C., for Defendant-Intervenor United States Steel Corporation.

Choe-Groves, Judge:  Plaintiff Hyundai Steel Company ("Plaintiff" or "Hyundai Steel") challenges the final results in the 2017 administrative review of the countervailing duty order on certain hot-rolled steel flat products from the Republic of Korea ("Korea").  Certain Hot-Rolled Steel Flat Products From the Republic of Korea ("Final Results"), 85 Fed. Reg. 64,122 (Dep't Commerce Oct. 9, 2020) (final results of countervailing duty admin. review; 2017); see also Issues and Decision Mem. for the Final Results of the Admin. Review of the Countervailing Duty Order on Certain Hot-Rolled Steel Flat Products from the Republic of Korea; 2017, ECF No. 26-4 (Sept. 28, 2020) ("Final IDM").[1]  Before the court are the Rule 56.2 motion for judgment on the agency record filed by Plaintiff and the motion for voluntary remand filed by Defendant United States ("Defendant").  Mot. Pl. Hyundai Steel Company J. Agency R., ECF Nos. 31, 32; Def.'s Resp. Pl.'s Mot. J. Agency R. and Def.'s Mot. Voluntary Remand, ECF No.

---

[1] The court stayed further briefing and filing of the joint appendix pending this decision.  Order, ECF No. 34.  The administrative record was not filed.

33 ("Defendant's Motion" or "Def. Mot."); see also Pl. Hyundai Steel Company's

Br. Supp. Its Mot. J. Agency R., ECF Nos. 31-2, 32-2 ("Plaintiff's Brief" or "Pl.

Br.").

For the following reasons, the court remands the Final Results.

## BACKGROUND[2]

Commerce initiated this first administrative review of the countervailing

duty order on certain hot-rolled steel flat products from Korea for the period

covering January 1, 2017 through December 31, 2017.  Initiation of Antidumping

and Countervailing Duty Admin. Reviews, 83 Fed. Reg. 63,615, 63,617 (Dep't

Commerce Dec. 11, 2018).  Commerce selected Hyundai Steel as the sole

mandatory respondent for individual examination.  See Final Results, 85 Fed. Reg.

at 64,123.

Hyundai Steel reported to Commerce that it participated in a program

involving port usage rights at the Port of Incheon pursuant to which it was

scheduled to receive berthing income from shipping operators and "other" income

from itself and third-party users.  Final IDM at 7, 29; see also Pl. Br. at 3.

Defendant-Intervenor Nucor Corporation ("Nucor") submitted a new subsidy

allegation related to this program and Commerce initiated an investigation of the

---

[2] The court's account of the background relevant to Defendant's Motion is drawn from the Final IDM and Plaintiff's Brief because further briefing and the filing of the administrative record were stayed.

program.  Final IDM at 29; see also Pl. Br. at 4.  Commerce issued a new subsidy

questionnaire related to the program to Hyundai Steel, and Hyundai Steel

responded timely.  Pl. Br. at 4–5.  Commerce issued a supplemental questionnaire

to Hyundai Steel, and Hyundai Steel responded timely.  Id. at 5–7.

Preliminarily Commerce calculated a *de minimis* subsidy rate of 0.45% for

Hyundai Steel by dividing the amount of Hyundai Steel's reported 2017 berthing

income under the program by Hyundai Steel's total free on board sales value.  See

Final IDM at 29; Certain Hot-Rolled Steel Flat Products From the Republic of

Korea, 84 Fed. Reg. 67,927 (Dep't Commerce Dec. 12, 2019) (prelim. results of

countervailing duty admin. review; 2017).

In the Final Results, Commerce determined that in addition to Hyundai

Steel's reported berthing income, Hyundai Steel received a benefit related to the

"other" income, i.e., certain fees, that it was entitled to receive.  Final IDM at 29,

30.  Because necessary information was not available on the record with respect to

the fees, Commerce measured the benefit based on facts available and applied the

resulting rate to Hyundai Steel's reported volume of cargo.  Id. at 30.  Commerce

calculated a final subsidy rate of 0.51% for Hyundai Steel.  Final Results, 85 Fed.

Reg. at 64,123.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28

U.S.C. § 1581(c), which grant the court authority to review actions contesting the

final results of an administrative review of a countervailing duty order.  The court

will uphold Commerce's determinations unless they are unsupported by substantial

record evidence, or are otherwise not in accordance with the law.  19 U.S.C.

§ 1516a(b)(1)(B)(i).

## DISCUSSION

Plaintiff argues that Commerce's application of facts available was not in

accordance with the law because Commerce did not identify deficiencies in

Plaintiff's submissions as required by 19 U.S.C. §§ 1677m(d) and 1677e(a) before

applying facts available in determining that the financial contribution provided to

Plaintiff under the North Incheon Harbor program conferred a benefit.  Pl. Br. at

13–14.  Defendant asks the court to remand the Final Results for Commerce to

reconsider its application of facts available, and, if appropriate, the rate assigned to

Plaintiff.  Def. Mot. at 1, 7.  Plaintiff consents to Defendant's Motion and

Defendant-Intervenor United States Steel Corporation takes no position.  Id. at 1.

Nucor opposes Defendant's Motion, asserting that Defendant did not demonstrate

that Commerce's request for a remand was based on a substantial and legitimate

concern and that the Final Results are supported by substantial evidence and

otherwise in accordance with the law.  Def.-Interv.'s Opp'n Def.'s Mot. Voluntary

Remand at 2–4, ECF No. 35.

The U.S. Court of Appeals for the Federal Circuit has recognized that the decision to remand is in the court's discretion when an agency seeks a remand without confessing error in order to reconsider its previous position.  SKF USA, Inc. v. United States, 254 F.3d 1022, 1029 (Fed. Cir. 2001) (citations omitted).  If the court grants a remand, Commerce will review the procedures that were applied in this administrative review relative to the requirements of 19 U.S.C. §§ 1677m(d) and 1677e(a) and will reconsider application of facts available (the subject of Plaintiff's first two arguments), which may affect Commerce's determination that the port usage rights constitute a countervailable benefit (the subject of Plaintiff's third argument).  See Def. Mot. at 7–8; see also Pl. Br. at 2.  It is "prefer[able] to allow agencies to cure their own mistakes rather than wasting the court's and the parties' resources," especially when the agency seeks to "cure the very legal defects asserted by plaintiffs."  See Def. Mot. at 6 (quoting Ethyl Corp. v. Browner, 989 F.2d 522, 524 (D.C. Cir. 1993)), 8 (quoting Citizens Against the Pellissippi Parkway v. Mineta, 375 F.3d 412, 416 (6th Cir. 2004)).  Because a remand will allow Commerce to cure its own mistakes and reconsider the substantive issues raised by Plaintiff, as well as preserve court resources, the court grants Defendant's Motion.

## CONCLUSION

The court remands the Final Results for reconsideration.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Voluntary Remand, ECF No. 33, is granted; and it is further

**ORDERED** that the deadlines in Scheduling Order, ECF No. 29, that were stayed pursuant to Order, ECF No. 34, are vacated; and it is further

**ORDERED** that the <u>Final Results</u> are remanded for Commerce to reconsider application of facts available and the rate assigned to Plaintiff; and it is further

**ORDERED** that this case will proceed according to the following schedule:

(1) Commerce shall file the remand results on or before October 20, 2021;

(2) Commerce shall file the administrative record on or before November 3, 2021;

(3) Comments in opposition to the remand results shall be filed on or before December 8, 2021;

(4) Comments in support of the remand results shall be filed on or before January 12, 2022; and

(5) The joint appendix shall be filed on or before January 26, 2022.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Jennifer-Choe-Groves
　　　　　　　　　　　　　　　　　　　　　　Jennifer Choe-Groves, Judge

Dated: August 27, 2021
　　　　New York, New York