**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE**

|  |  |  |
|---|---|---|
| HYUNDAI STEEL COMPANY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| UNITED STATES, | ) ) | Court No. 20-03799 |
| Defendant, | ) ) | |
| and, | ) ) | |
| NUCOR CORPORATION AND UNITED STATES STEEL CORPORATION, | ) ) ) | |
| Defendant-Intervenors. | ) ) ) | |

**PLAINTIFF'S RESPONSE TO NUCOR'S COMMENTS IN OPPOSITION
TO THE U.S. DEPARTMENT OF COMMERCE'S OCTOBER 20, 2021
<u>FINAL REDETERMINATION PURSUANT TO COURT REMAND</u>**

Brady W. Mills
Donald B. Cameron
Julie C. Mendoza
R. Will Planert
Mary S. Hodgins
Jordan L. Fleischer

**MORRIS, MANNING & MARTIN, LLP**
1401 Eye Street, N.W., Suite 600
Washington, D.C. 20005
(202) 408-5153

January 12, 2022                                   *Counsel to Plaintiff Hyundai Steel Company*

## <u>TABLE OF CONTENTS</u>

I.    ARGUMENT ................................................................................................................ 1

II.   CONCLUSION ........................................................................................................... 6

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*ArcelorMittal USA Inc. v. United States*,
    32 C.I.T. 440 (2008) ...................................................................................................2

*Consolo v. Fed. Mar. Comm'n*,
    383 U.S. 607 (1966) ....................................................................................................4

*Creswell Trading Co. v. United States*,
    15 F.3d 1054 (Fed. Cir. 1994)..................................................................................2, 3

*DuPont Teijin Films USA v. United States*,
    407 F.3d 1211 (Fed. Cir. 2005)...................................................................................4

*Geneva Steel v. United States*,
    20 C.I.T. 7 (1996) .......................................................................................................3

*Hercules, Inc. v. United States*,
    11 C.I.T. 710 (1987) ...................................................................................................3

*Timken Co. v. United States*,
    12 C.I.T. 955 (1988) ...................................................................................................3

**Statutes**

19 U.S.C. § 1516a(b)(1)(B)(i)...........................................................................................4

19 U.S.C. § 1677e(a)..........................................................................................................5

19 U.S.C. § 1677m(d)........................................................................................................5

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE**

| | |
|---|---|
| HYUNDAI STEEL COMPANY,<br><br>   Plaintiff,<br><br> v.<br><br>UNITED STATES,<br><br>   Defendant,<br><br>   and,<br><br>NUCOR CORPORATION AND UNITED STATES<br>STEEL CORPORATION,<br><br>   Defendant-Intervenors. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Court No. 20-03799 |

**PLAINTIFF'S COMMENTS IN SUPPORT OF THE U.S. DEPARTMENT OF
COMMERCE'S OCTOBER 20, 2021 FINAL REDETERMINATION PURSUANT TO
COURT REMAND AND RESPONSE TO RESPONSE TO NUCOR'S COMMENTS IN
OPPOSITION TO THE FINAL REMAND RESULTS**

On behalf of Plaintiff Hyundai Steel Company ("Hyundai Steel"), we hereby submit our

comments in support of the U.S. Department of Commerce's ("Commerce") Final Results of

Redetermination Pursuant to Court Remand, P.R.R. 9 ("*Final Remand Results*"), and in response

to Defendant-Intervenor Nucor Corporation's ("Nucor") December 8, 2021 comments in

opposition to the Final Redetermination.  ECF No. 41 ("Nucor Comments").

**I. ARGUMENT**

As discussed in Hyundai Steel's December 8, 2021 Comments on the *Final Remand

Results*, ECF No. 40, Hyundai Steel opposes Commerce's finding that the Incheon Harbor

Program provided it with a countervailable subsidy.  However, should the Court either find that

the issue of countervailability is moot or otherwise affirm Commerce's finding of

1

countervailability Hyundai Steel supports the affirmance of the re-calculation of Hyundai Steel's subsidy rate as *de minimis* in the *Final Remand Results*. The reopening of the record and reliance on the information provided by Hyundai Steel as the basis to calculate a non-facts-available ("FA") subsidy margin from this program was consistent with the Court's remand instructions and is supported by substantial evidence and is otherwise in accordance with law. Nucor's arguments to the contrary are misplaced and should be rejected.

Nucor's argument in opposition to the *Final Remand Results* is simple. It claims that "{t}he information that Hyundai Steel provided in its supplemental remand questionnaire response does not fully support the fees it could collect from {the transportation company} at North Incheon Harbor." *See* Nucor Comments at 2. The "alleged" deficiency identified by Nucor is that Hyundai Steel did not substantiate the reported area used to calculate the estimated fees that it could have collected during the period of review, *i.e.*, that Hyundai Steel did not provide documentation or other support to substantiate the area figures used in its estimated calculations. *See id.* According to Nucor, without documentation for the area figures used "the fees that Hyundai Steel reported it could have collected from {the transportation company} are entirely unsupported by the record and should not have been relied upon by Commerce." *See id.* at 3 (citing C.R.R. 2-4 at 3-6, Exhibit REM-1). This argument is baseless.

First, it is Commerce and not Nucor that determines whether a respondent has adequately responded to a request for information. *See* 19 U.S.C. § 1677m(d); *see also ArcelorMittal USA Inc. v. United States*, 32 C.I.T. 440, 446 (2008) ("{C}ommerce enjoys broad discretion in conducting reviews under the antidumping statute, particularly in making decisions regarding relevant evidence.") (quoting *E.I. Du Pont de Nemours & Co. v. United States*, 22 C.I.T. 19, 32 (1998)); *Creswell Trading Co. v. United States*, 15 F.3d 1054, 1062 (Fed. Cir. 1994)

("Commerce is presumably in the best position to know what it means by its own requirements and what evidence will satisfy these requirements."); *Hercules, Inc. v. United States*, 11 C.I.T. 710, 754 (1987) ("It is clearly within Commerce's discretion to make reasonable interpretations of the evidence and to determine the overall significance of any particular factor or piece of evidence.") (quoting *Maine Potato Council* v. *United States*, 9 C.I.T. 293, 300 (1985)); *Geneva Steel v. United States*, 20 C.I.T. 7, 36 (1996) ("Commerce has substantial license to determine what evidence it needs to carry out its statutory functions.").  Nucor's statement that it would have made a different decision on the evidence is irrelevant, as "{i}t is not within the Court's domain either to weigh the adequate quality or quantity of the evidence for sufficiency or to reject a finding on grounds of a differing interpretation of the record." *Timken Co. v. United States*, 12 C.I.T. 955, 962 (1988).

Here, Commerce issued a remand supplemental questionnaire to Hyundai Steel that requested that Hyundai Steel provide an estimate of the fees it could have collected under the Incheon Port Usage Program.  *See* C.R.R. 1.  According to Commerce, "Hyundai Steel timely responded to that supplemental questionnaire and provided the information requested." *See Final Remand Results* at 8 (citing C.R.R. 2-4).  As to the calculations provided by Hyundai Steel, Commerce found "that the areas provided in the calculations are reasonable for each fee (*i.e.*, the quay wall fee relies on the area of the quay wall length and apron area)." *Id.* at 10.  Therefore, Commerce concluded that "Hyundai Steel properly answered Commerce's questions in the manner requested of it." *Id.*  Commerce also pointed out that "{t}he information provided by Hyundai Steel is also similar to information Commerce has used to calculate the benefit under this program in a subsequent review." *Id.* (citing *Certain Hot-Rolled Steel Flat Products from the Republic of Korea:  Preliminary Results of Countervailing Duty Administrative Review*;

3

2018, 86 Fed. Reg. 10533 (Dept. Commerce Feb. 22, 2021), and accompanying Decision

Memorandum at 17-81, unchanged in *Certain Hot-Rolled Steel Flat Products from the Republic*

*of Korea:  Final Results of Countervailing Duty Administrative Review; 2018*, 86 Fed. Reg.

47621 (Dept. Commerce Aug. 26, 2021), and accompanying Decision Memorandum).

The fact that Nucor disagrees or believes that the reported area information used by

Hyundai Steel in its calculations is deficient does not render the *Final Remand Results*

unsupported by substantial evidence.  *See* 19 U.S.C. § 1516a(b)(1)(B)(i) ("The court sustains

Commerce's "determinations, findings, or conclusions" unless they are "unsupported by

substantial evidence on the record, or otherwise not in accordance with law.").  Substantial

evidence has been described as "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion."  *DuPont Teijin Films USA v. United States*, 407 F.3d 1211,

1215 (Fed. Cir. 2005) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  In this

regard, it is also well-settled that "the possibility of drawing two inconsistent conclusions from

the evidence does not prevent an administrative agency's findings from being supported by

substantial evidence."  *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966).

The record information provided by Hyundai Steel easily satisfies the substantial

evidence standard.  The areas provided by Hyundai Steel in its calculations are reasonable for

each fee and Commerce specifically pointed to the quay wall fee areas as reasonable as Hyundai

Steel relied on the area of the quay wall length and apron area.  *See Final Remand Results* at 10.

Tellingly, Nucor has not identified any contradictory information that would undermine the

reasonableness of the area information supplied by Hyundai Steel and accepted by Commerce.

Instead, Nucor simply claims that Hyundai Steel should have provided "source documentation"

to substantiate the area amounts it relied on for its fee calculations.  Nucor Comments at 3.  But

Commerce specifically found that it did not need additional source documentation, and that "Hyundai Steel properly answered Commerce's questions in the manner requested of it." *Final Remand Results* at 10.  Nucor's "wish list" about what Hyundai Steel should have provided does not demonstrate that the area information provided by Hyundai Steel in its certified supplemental questionnaire response and accepted by Commerce does not constitute substantial evidence.

Second, Nucor's calls for the application of FA based on the alleged failure of Hyundai Steel to provide source documentation for its area figures are also legally unfounded.  In fact, the application of FA under these circumstances would be analogous to the original application of FA that Commerce requested and was granted a voluntary remand to address.  Specifically, Commerce has found that Hyundai Steel's remand supplemental response was adequate and identified no deficiencies that needed to be cured.  *See id.*  Applying FA under these circumstances as advocated for by Nucor, would run afoul of 19 U.S.C. §§ 1677m(d) and 1677(e)(a) because Commerce had not identified deficiencies in Hyundai Steel's response and provided an opportunity to cure those deficiencies.  *See* ECF No. 31 at 14-15 (discussing statutory framework for FA and pre-requisites).

In sum, Hyundai Steel's response to Commerce's remand supplemental questionnaire was complete as Commerce concluded and thus Nucor's calls for the application of FA are without foundation and should be rejected.

II.     **CONCLUSION**

As discussed in Hyundai Steel's December 8, 2021 Comments on the *Final Remand Results*, ECF No. 40, Hyundai Steel opposes Commerce's finding that the Incheon Harbor Program provided Hyundai Steel with a countervailable subsidy.  However, Hyundai Steel respectfully requests that should the Court find that the issue of the countervailability of the Incheon Harbor Program is moot or otherwise affirm Commerce's finding of countervailability, that it sustain Commerce's *Final Remand Results.*

Respectfully submitted,

/s/ Brady W. Mills
Brady W. Mills
Donald B. Cameron
Julie C. Mendoza
R. Will Planert
Mary S. Hodgins
Jordan L. Fleischer

**MORRIS, MANNING & MARTIN, LLP**
1401 Eye Street, N.W., Suite 600
Washington, D.C. 20005
(202) 408-5153

*Counsel to Plaintiff Hyundai Steel Company*

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing brief complies with the Standard

Chambers Procedures of the U.S. Court of International Trade in that it contains 1,406 words

including text, footnotes, and headings and excluding the table of contents, table of authorities

and counsel's signature block, according to the word count function of Microsoft Word 2016

used to prepare this brief.

**/s/ Brady W. Mills**