Slip Op. 22-109

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| HYUNDAI STEEL COMPANY, | |
|     **Plaintiff,** | |
| **v.** | |
| UNITED STATES, | Before:  Jennifer Choe-Groves, Judge |
|     **Defendant,** | Court No. 20-03799 |
| **and** | |
| NUCOR CORPORATION and UNITED STATES STEEL CORPORATION, | |
|     **Defendant-Intervenors.** | |

## OPINION

[Sustaining the U.S. Department of Commerce's final results in the 2017 administrative review of the countervailing duty order on certain hot-rolled steel flat products from the Republic of Korea.]

Dated:  September 19, 2022

Brady W. Mills, Donald B. Cameron, Julie C. Mendoza, R. Will Planert, and Mary S. Hodgins, Morris, Manning & Martin, LLP, of Washington, D.C., for Plaintiff Hyundai Steel Company.

Kelly A. Krystyniak, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States.  With her on the brief were Brian M. Boynton, Acting Assistant Attorney General, Patricia M. McCarthy, Director, and Tara K. Hogan, Assistant Director.

Of counsel on the brief was <u>Hendricks Valenzuela</u>, Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce.

<u>Alan H. Price</u>, <u>Christopher B. Weld</u>, and <u>Theodore P. Brackemyre</u>, Wiley Rein, LLP, of Washington, D.C., for Defendant-Intervenor Nucor Corporation.

<u>Thomas M. Beline</u>, Cassidy Levy Kent (USA) LLP, of Washington, D.C., for Defendant-Intervenor United States Steel Corporation.

      Choe-Groves, Judge:  Plaintiff Hyundai Steel Company ("Plaintiff" or "Hyundai Steel") challenges the final results in the 2017 administrative review of the countervailing duty order on certain hot-rolled steel flat products from the Republic of Korea ("Korea").  <u>Certain Hot-Rolled Steel Flat Products From the Republic of Korea</u> ("<u>Final Results</u>"), 85 Fed. Reg. 64,122 (Dep't of Commerce Oct. 9, 2020) (final results of countervailing duty admin. review; 2017); <u>see also</u> Issues and Decision Mem. for the Final Results of the Admin. Review of the Countervailing Duty Order on Certain Hot-Rolled Steel Flat Products from the Republic of Korea; 2017 ("Final IDM"), ECF No. 26-4.

      Before the Court are the Final Results of Redetermination Pursuant to Court Remand, ECF No. 38-1 ("<u>Remand Results</u>"), which the Court ordered in <u>Hyundai Steel Co. v. United States</u> ("<u>Hyundai Steel</u>"), 45 CIT __, 532 F. Supp. 3d 1397 (2021).  Hyundai Steel supports Commerce's reversal of its use of facts available in calculating a *de minimis* subsidy rate for Hyundai Steel, but opposes Commerce's continued determination that the Government of Korea's provision of

port usage rights to Hyundai Steel constituted a countervailable benefit.  Pl.
Hyundai Steel Company's Comments U.S. Department Commerce's Oct. 20, 2021
Final Redetermination Pursuant Court Remand ("Pl.'s Cmts.") at 1, ECF No. 40.
Defendant-Intervenor Nucor Corporation ("Nucor") argues that Commerce should
have continued to apply facts available because Hyundai Steel's responses were
not supported by the record.  Def.-Interv. Nucor's Opp'n Final Results
Redetermination Pursuant Court Remand ("Nucor's Cmts.") at 1–3, ECF Nos. 41,
43.

For the following reasons, the Court sustains the Remand Results.

## BACKGROUND

The Court presumes familiarity with the facts and procedural history set
forth in its prior opinion and recounts the facts relevant to the Court's review of the
Remand Results.  See Hyundai Steel, 45 CIT at __, 532 F. Supp. 3d at 1399.

Commerce initiated this first administrative review of the countervailing
duty order on certain hot-rolled steel flat products from Korea for the period
covering January 1, 2017 through December 31, 2017.  Initiation of Antidumping
and Countervailing Duty Admin. Reviews, 83 Fed. Reg. 63,615, 63,618 (Dep't of
Commerce Dec. 11, 2018).  Commerce selected Hyundai Steel as the sole
mandatory respondent for individual examination.  See Final Results, 85 Fed. Reg.
at 64,123.

Hyundai Steel reported to Commerce that it participated in a program

involving port usage rights at the Port of Incheon pursuant to which it was

scheduled to receive berthing income from shipping operators and "other" income

from itself and third-party users.  Final IDM at 7, 29.  In the Final Results,

Commerce determined that in addition to Hyundai Steel's reported berthing

income, Hyundai Steel received a benefit related to the "other" income, i.e., certain

fees, that it was entitled to receive.  Id. at 29–30.  Commerce determined that

necessary information was not available on the record with respect to the fees, see

19 U.S.C. § 1677e(a)(1), and used facts available to calculate the benefit to

Hyundai Steel.  Final IDM at 5–6, 30.  Commerce calculated a final subsidy rate of

0.51% for Hyundai Steel.  Final Results, 85 Fed. Reg. at 64,123.

The Court granted Defendant's Motion for Voluntary Remand, in which

Defendant represented that Commerce would review the procedures that were

applied relative to the requirements of 19 U.S.C. §§ 1677m(d) and 1677e(a), and

remanded for Commerce to reconsider application of facts available and, if

appropriate, the rate assigned to Plaintiff.  Hyundai Steel, 45 CIT at __, 532 F.

Supp. 3d at 1400.

On remand, Commerce issued a supplemental questionnaire to Hyundai

Steel and recalculated the benefit that Hyundai Steel received related to harbor

exclusive usage fees based on Hyundai Steel's responses.  Remand Results at 3, 5.

Commerce did not use facts available because it determined that Hyundai Steel provided the missing information with which to calculate the benefit.  Id. at 5. Commerce recalculated a program rate of 0.01% and a *de minimis* subsidy rate of 0.46% for Hyundai Steel.  Id.

## JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28 U.S.C. § 1581(c), which grant the Court authority to review actions contesting the final results of an administrative review of a countervailing duty order.  The Court will hold unlawful any determination found to be unsupported by substantial evidence on the record or otherwise not in accordance with the law.  19 U.S.C. § 1516a(b)(1)(B)(i).  The Court also reviews determinations made on remand for compliance with the Court's remand order.  Ad Hoc Shrimp Trade Action Comm. v. United States, 38 CIT __, __, 992 F. Supp. 2d 1285, 1290 (2014), aff'd, 802 F.3d 1339 (Fed. Cir. 2015).

## DISCUSSION

### I.    Use of Hyundai Steel's Responses Instead of Facts Available

In the Final Results, Commerce applied facts available to calculate the benefit to Hyundai Steel of the provision of port usage rights at the Port of Incheon Program "because necessary information [wa]s not available on the record with respect to [the] fees."  Remand Results at 7; see also Final IDM at 5–6, 30.  On

remand, Commerce issued a supplemental questionnaire to Hyundai Steel requesting descriptions and estimates of the harbor exclusive usage fees that Hyundai Steel could have collected under the program. Remand Results at 8, 10. Commerce determined that the measurements provided by Hyundai Steel for the quay wall length and the apron area, which were used to calculate the quay wall fee, were reasonable and that Hyundai Steel provided responses that were in the manner requested, adequately supported, and uncontradicted by other record evidence. Id. at 10. Commerce recalculated the benefit using the responses provided by Hyundai Steel. Id. at 10–11.

Hyundai Steel supports Commerce's decision not to apply facts available on remand. Pl.'s Cmts. at 2. Nucor argues that Commerce should have applied facts available because Hyundai Steel's responses to the supplemental questionnaire were incomplete. Nucor's Cmts. at 1–3. While Hyundai Steel provided estimates of the harbor exclusive usage fees—quay wall lease fees (also referred to as apron usage fees), land usage fees, and open storage yard usage fees—that it could have collected, Nucor contends that the estimated fees were calculated based on area measurements for which Hyundai Steel did not provide source information. Id. at 2–3. Defendant asserts that Commerce determined that Hyundai Steel's responses were supported, nothing on the record contradicts Hyundai Steel's responses, and Hyundai Steel responded in the prescribed manner. Def.'s Resp. Supp. Remand

Redetermination at 7, ECF No. 45.

Section 1677e(a) provides in relevant part:

(a)  In general.  If—

> (1) necessary information is not available on the record, or

> (2) an interested party or any other person—

>> (A) withholds information that has been requested by the administering authority or the Commission under this title,

>> (B) fails to provide such information by the deadlines for submission of the information or in the form and manner requested . . . ,

>> (C) significantly impedes a proceeding under this title, or

>> (D) provides such information but the information cannot be verified as provided in section 782(i) [19 U.S.C. § 1677m(i)],

> the administering authority and the Commission shall, subject to section 782(d) [19 U.S.C. § 1677m(d)], use the facts otherwise available in reaching the applicable determination under this title.

19 U.S.C. § 1677e(a).

The Court sustains Commerce's decision to not apply facts available.  On remand, Commerce reopened the record and requested the information regarding the harbor exclusive usage fees that Commerce had determined in the Final IDM was not available on the record.  Commerce determined that there were no deficiencies in Hyundai Steel's responses and determined specifically that the

reported areas used to calculate the fee estimates were reasonable. See Remand Results at 10. Hyundai Steel's responses to the supplemental questionnaire placed the missing information on the record and Commerce's ground under 19 U.S.C. § 1677e(a)(1) for applying facts available in the Final Results no longer exists. There are other provisions under 19 U.S.C. § 1677e(a) for applying facts available, but Commerce did not rely on them and Nucor does not argue that Commerce could have or should have relied on them.

Because Commerce reopened the record and necessary information is available now, the Court concludes that Commerce's decision to recalculate Hyundai Steel's benefit without applying facts available is supported by substantial evidence.

## II.    Whether Commerce's Benefit Determination is Moot

Commerce maintained its determination that the provision of port usage rights associated with the Port of Incheon Program conferred a benefit to Hyundai Steel, but asserted that the issue is moot because Hyundai Steel's recalculated subsidy rate is *de minimis* and Commerce's instructions to U.S. Customs and Border Protection will be to liquidate Hyundai Steel's entries without countervailing duties. Remand Results at 11. Hyundai Steel argues that the issue is not moot because Commerce calculated a countervailable benefit of the program of 0.01%, which has implications for this case, ongoing cases, and future cases.

Pl.'s Cmts. at 2.  Hyundai Steel also contends that the "capable of repetition, yet

evading review" exception to mootness applies.  Id. at 3.  Nucor agrees with

Commerce's determination that the benefit issue is moot.  Def.-Interv. Nucor's

Supp. Final Results Redetermination Pursuant Court Remand, ECF No. 47.

The reiterated determination has no effect on the dumping margins because

Commerce's recalculation of Hyundai Steel's dumping margin on remand is

0.46%.  Because the Court sustains Commerce's decision to not use facts available

in recalculating Hyundai Steel's margin, consideration of Commerce's reiterated

benefit determination in the Remand Results would have no practical significance

and is mooted.  See Saha Thai Steel Pipe Pub. Co. v. United States, 45 CIT __, __,

538 F. Supp. 3d 1350, 1353–54 (2021) (quoting Morton Int'l, Inc. v. Cardinal

Chem. Co., 967 F.2d 1571, 1574 (Fed. Cir. 1992) (Nies, C.J., dissenting from the

orders declining suggestions for rehearing en banc) (citations omitted) ("An issue

is also said to be 'mooted' when a court, having decided one dispositive issue,

chooses not to address another equally dispositive issue."); Daewoo Elecs. Co. v.

Int'l Union of Elec., Elec., Tech., Salaried & Mach. Workers, 6 F.3d 1511, 1513

(Fed. Cir. 1993) ("[O]ur disposition of the tax incidence issue moots two other

issues . . . .")).  The Court sustains the Remand Results without considering

Commerce's mooted benefit determination in the Remand Results.

## CONCLUSION

For the aforementioned reasons, the Court sustains the Remand Results.

Accordingly, it is hereby

**ORDERED** that the Remand Results are sustained.

Judgment will be entered accordingly.

                                            /s/ Jennifer Choe-Groves
                                          Jennifer Choe-Groves, Judge

Dated:   September 19, 2022
             New York, New York